NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DOUGLAS N. HINGA,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2010-3171

---

Petition for review of the Merit Systems Protection Board in DA0752100058-I-1.

---

Decided: January 21, 2011

---

DOUGLAS N. HINGA, Houston, Texas, pro se.

SARA B. REARDEN, Attorney, Office of General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel. Of counsel was PATRYK J. DRESCHER, Trial Attorney, Commercial Litigation Branch,

Civil Division, United States Department of Justice, of Washington, DC.

_____

Before NEWMAN, MAYER, and BRYSON, *Circuit Judges.*

PER CURIAM.

## DECISION

Douglas N. Hinga appeals from a final decision of the Merit Systems Protection Board dismissing his appeal to the Board as untimely. We affirm.

## BACKGROUND

Mr. Hinga was employed as a mail handler by the United States Postal Service. Beginning on September 8, 2008, Mr. Hinga stopped reporting for duty. He did not respond to two official directives sent to his address of record in early October 2008, and he continued to be absent from work after that time. On November 28, 2008, the Postal Service sent Mr. Hinga a notice of proposed removal, to which he did not respond. On January 12, 2009, the Postal Service sent him a letter of decision removing him effective January 23, 2009, for chronic unexcused absence without leave. In the letter of decision, the Postal Service advised Mr. Hinga of his right to appeal the decision within 30 calendar days of the effective date of his removal. The Board received an appeal from Mr. Hinga more than nine months later, on October 28, 2009.

Before the Board, Mr. Hinga represented that he had been arrested in 2008 for driving while intoxicated. Because the offense was his third DWI violation, he was placed in a facility with substance abuse treatment ser-

vices pursuant to a court order. Mr. Hinga stated that he was confined in that facility until July 20, 2009, and that he was then sent to a "transitional treatment center" for an additional three months. In his notice of appeal to the Board, Mr. Hinga argued that the Postal Service had not given him an "opportunity to explain [his] position" and had not considered a letter Mr. Hinga allegedly sent on January 26, 2009, to his union representative, requesting the representative's assistance in "salvaging" Mr. Hinga's Postal Service job. Mr. Hinga stated in his appeal that he had received the Postal Service's letter of decision on January 23, 2009, the effective date of his removal.

After Mr. Hinga filed his appeal, the administrative judge who was assigned to his case issued an order explaining the requirement for filing a timely appeal and the factors the Board considers when deciding whether to waive the timeliness requirement. The administrative judge ordered Mr. Hinga to respond with evidence or argument establishing that his appeal was timely or that there was good cause for the delay in filing. In his response, Mr. Hinga stated that he was unable to file a timely appeal during his time in the treatment facility "due to reasons beyond [his] control." Mr. Hinga also stated that, after being released from the facility, he attempted to file an electronic appeal with the Board in August 2009 and mistakenly believed he had succeeded in doing so.

The administrative judge dismissed Mr. Hinga's appeal because it was untimely and because Mr. Hinga had not shown good cause for its untimeliness. The administrative judge cited the Board's regulation requiring that an appeal be filed within 30 days of either the effective date of the agency action or the date the appellant receives the agency's decision, whichever is later. *See* 5

C.F.R. § 1201.22(b). Because Mr. Hinga received the agency's final decision letter on the date it became effective, January 23, 2009, his deadline for appealing the Postal Service's decision was February 23, 2009. The administrative judge noted that Mr. Hinga's appeal was not actually filed for another eight months and was therefore untimely, even assuming that Mr. Hinga's unsuccessful attempt to file an electronic appeal on August 12, 2009, tolled the filing period.

The administrative judge then addressed whether Mr. Hinga had shown good cause for waiving the Board's timeliness regulation. *See* 5 C.F.R. §§ 1201.12, 1201.22(c). The administrative judge noted that the order regarding timeliness had advised Mr. Hinga of the need to produce evidence and argument showing that he had good cause for missing the filing deadline. The administrative judge concluded that Mr. Hinga's response did not demonstrate good cause. Mr. Hinga's response stated only that his involuntary stay in the treatment facility had prevented him from pursuing his appeal rights. The administrative judge determined that incarceration by itself is not sufficient to establish good cause for the late filing of an appeal. Certified delivery receipts of notices from the Postal Service indicated that the notices in question had been delivered to Mr. Hinga's address of record, and Mr. Hinga admitted that he had received notice of his removal in January 2009. The administrative judge concluded that Mr. Hinga had failed to show that he could not have responded to the letter of removal by filing a timely appeal.

With respect to Mr. Hinga's suggestion that his union representative should have taken steps to protect his appeal rights, including filing an appeal on his behalf, the administrative judge found that Mr. Hinga was responsi-

ble for any failure on the part of his union representative to take such steps, and that the union representative's failure to initiate the appeal process did not constitute good cause for his untimely filing. The administrative judge also noted that, prior to the present case, Mr. Hinga had prosecuted two other appeals before the Board. The administrative judge viewed that history as indicative of Mr. Hinga's familiarity with Board appeal procedures. In light of all the evidence, the administrative judge found that Mr. Hinga had "failed to prove he exercised ordinary prudence or due diligence under the circumstances" and therefore had failed to establish good cause for his untimely filing.

Mr. Hinga filed a timely petition for review by the full Board. Along with his petition, Mr. Hinga submitted a statement asserting that, contrary to his earlier admission, he had not received the agency's notice of removal on January 23, 2009. In addition, Mr. Hinga stated that another individual had signed for the certified notifications sent to Mr. Hinga's house, and that those notifications, including the letter of decision, had not been forwarded to him. The Board refused to consider Mr. Hinga's submission of that evidence, noting that it did not constitute new and material evidence that was unavailable to him prior to the administrative judge's decision. The Board also refused to consider a copy of the letter that Mr. Hinga claimed to have written to his union representative on January 26, 2009. In the letter, Mr. Hinga requested that the union representative take steps to save his job and asked for "any assistance you can provide." The letter did not specifically request that the union representative file an appeal on his behalf with the Board. The Board concluded that Mr. Hinga had not demonstrated that the copy of the letter was unavailable before the administrative judge's decision, nor had he

explained how the letter would affect the Board's decision on the issues of timeliness or good cause. After the Board denied the petition for review, Mr. Hinga petitioned for review by this court.

## DISCUSSION

The decision to waive the regulatory time limit for filing an appeal is within the sound discretion of the Board. *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). The appellant bears the burden of showing that he exercised "diligence or ordinary prudence" in the prosecution of an appeal to justify waiver of the timeliness requirement. *Id.* In this case, the Board did not find evidence of diligence or prudence by Mr. Hinga. As the administrative judge noted, incarceration alone is insufficient to explain Mr. Hinga's failure to respond to the notices sent to his address of record. *See, e.g.*, *McCoy v. U.S. Postal Serv.*, 112 M.S.P.R. 256, 259 (2009). Mr. Hinga was clearly informed of the factors used by the Board in assessing whether waiver of timeliness is proper, yet he failed to produce evidence indicating that he was unable to file a timely appeal. The administrative judge credited Mr. Hinga's admission that he had received the letter of decision in January 2009 and noted that, even knowing that he had been removed, Mr. Hinga failed to file his appeal for more than nine months. The administrative judge added that even if Mr. Hinga's appeal were deemed to have been filed as of the date in August 2009 when he attempted to file an electronic appeal, that attempt was made more than six months after Mr. Hinga received the notice of removal and 23 days after he was released from confinement, further indicating a lack of diligence in appealing his removal. Under these circumstances, we conclude that the Board

did not abuse its discretion in finding that Mr. Hinga failed to show good cause for his belated filing.

Mr. Hinga makes the procedural argument that the Board failed to apply two of its regulations, 5 C.F.R. §§ 1201.12 and 1201.21, in deciding the timeliness and good cause issues. The administrative judge, however, explicitly considered whether to waive the timeliness requirement pursuant to section 1201.12 and determined that Mr. Hinga had not shown good cause for waiver. Section 1201.21 dictates the procedures federal agencies must follow to give notice to employees of decisions appealable to the Board. As discussed earlier, Mr. Hinga admitted in his notice of appeal that he had received notice of the Postal Service's decision on the effective date of his removal. Mr. Hinga has not alleged that the contents of the notice were deficient in any way that would implicate section 1201.21.

Mr. Hinga claims that relevant information was not considered in his appeal to the Board, but the record does not support that claim. Although Mr. Hinga has submitted new material with his informal brief in this court, that material is not properly before us because it was not presented to the Board. *See Lizut v. Dep't of the Army*, 717 F.2d 1391, 1396 (Fed. Cir. 1983).

Finally, Mr. Hinga alleges that the Board should have applied the Veterans Employment Opportunities Act ("VEOA"), the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), and the corresponding regulations at 5 U.S.C. §§ 1208.1-1208.26, to his case. Those statutes and regulations are not pertinent to the timeliness of the appeal of his removal. Moreover, Mr. Hinga indicated in his notice of appeal that he was not filing claims under VEOA or USERRA. As to Mr.

Hinga's assertion that his constitutional rights under the Fourth, Fifth, and Sixth Amendments have been violated, that unelaborated claim finds no support in the record.

In sum, Mr. Hinga has failed to demonstrate that the Board abused its discretion in dismissing his appeal as untimely filed.

No costs.

**AFFIRMED**